Missouri, Kansas & Texas Railway Company of Texas v.
C. F. Witherspoon.

Delivered April 12, 1898.

### 1. Damages—Measure of Against Carrier.

The measure of damages for the refusal of a carrier to accept and transport grain tendered to it by one who had sold it under contract, is the difference between the contract price and the value of the grain at the point of shipment, less the cost of shipment, if the contract required the shipper to pay the same, if the contract price was less than the market value at destination, whether the carrier knew of the contract or not.

### 2. Practice on Appeal—Charge of Court.

An assignment of error to the trial court's failure to submit a special defense to the jury is not well taken where no such charge was asked by the defendant.

Appeal from Denton. Tried below before Hon. I. D. Ferguson.

*T. S. Miller, Barton Dillard,* and *Head, Dillard & Muse,* for appellant.

No brief for appellee.

HUNTER, Associate Justice.—The petition alleged that plaintiff had the corn sold to Beckly & Son, of San Antonio, Texas, at 49 cents per bushel, free on board the cars in Grayson and Denton Counties, Texas, consigned to Belden & Bro., Laredo, Texas; that the corn was tendered and received by the defendant railway company, and the tolls agreed upon for the shipment were tendered, and the company failed and refused to transport the corn as it had agreed and was bound to do; that he paid for said corn loaded on the cars at the stations in said counties named from 45 to 46 cents per bushel, and that that was the market value at the places of shipment at the time it should have been delivered at Laredo, four or five days after shipment: that by reason of the company's failure to transport his said grain, he had been compelled to sell the same at a loss, which he set out specifically.

There was evidence that the corn was all sold to Beckly & Son, to be delivered by Belden & Bro., at Laredo, on or before October 20, 1892, but no evidence whatever as to the price at which it was sold. The plaintiff proved, over the objections of appellant, by several witnesses and by himself, that the market value of the corn at Laredo at the time it should have arrived there was from 60 to 70 cents per bushel.

The court charged the jury that the measure of damages would be "the difference between the market value of the corn at the destination to which it was to have been carried, at the time it should have arrived at Laredo if the carrier had performed its contract, and the value at the same time at the place from which it was to be shipped, less the cost of carriage."

One of appellant's assignments of error complains that the charge

submitted a different case from the one pleaded, in that the jury were to assess the damages at the difference between the market value of the corn at Laredo and at the point of shipment, when the petition claimed only the difference at which it had been contracted to Beckly & Son and what he was compelled to sell it for later. Another raises the question of the admissibility of appellee's evidence proving the market value of corn at Laredo at the time plaintiff's corn should have arrived there, above the price it was sold for, upon the ground that such evidence was immaterial and irrelevant, in that there was no pleading to warrant the introduction of such evidence.

These assignments we must sustain, because in this case, as pleaded, the plaintiff could only recover the difference between the price he was to receive for the corn, delivered according to the terms of his contract, and the market value of the same at the places where tendered to or received by the company for shipment, at the time each shipment should have been delivered at Laredo to Belden & Bro., less the freight rate for delivery at Laredo, as agreed on, if by his contract with Beckly & Son he was to pay the freight.

According to Mr. Witherspoon's evidence, as we understand it, his contract with Beckly & Son was that they would pay him 49 cents per bushel for all the corn delivered to Belden & Bro., at Laredo, Texas, between the 1st and 20th days of October, 1892. Under this state of case, he is not entitled to recover from the railroad company any more than the profits he would have received had the company fully performed its duty. Hence, as he made the shipments under his contract with Beckly & Son, consigning the grain to Belden & Bro., he must estimate his damages on the price he was to receive for the corn under that contract—that is, at 49 cents per bushel—as it appears that this sum is less than the market value of such grain at Laredo, at the times at which the respective shipments should have been delivered. Of course, if the price at which it had been contracted was greater than the market value, then the estimate would have to be based on the market value, unless the company had been notified at the time of shipment of the fact that he had his grain sold for a higher figure.

In view of another trial, we again call the attention of appellee's counsel to the measure of damages as pleaded by them. It matters not at what price the appellee was compelled to sell his corn months afterwards. On a former appeal of this case we held that the measure of damages would be the "difference between the market value of the corn at the destination to which it was to have been carried, at the time it should have arrived there, if the carrier had performed its contract, and its value at the same time at the places from which it was to be carried, less the cost of carriage." 38 S. W. Rep., 833.

This is the general rule, and was correctly applied to the case on that appeal, as it was then presented in the unchallenged statements of appellant's brief. We have re-examined the old record on the former appeal, and find that appellant's counsel then contended for this rule,

upon the ground that it was not liable for special damages caused by a contract of sale made to Belden & Bro. of which notice was not given it at the time it received the grain for shipment. While our former opinion shows that the corn had been contracted to Belden & Bro. at 49 cents, it did not appear from the appellant's brief that the market price of the corn at Laredo was more than appellee had sold it for, but we were led to believe that it was much less. So the rule we announced in that state of case was correct. But it appearing on this appeal that the market price at Laredo was greater, at the time the grain should have arrived there, than the price for which appellee had contracted to sell it, and having shipped it or tendered it for shipment in fulfillment of that contract, he can recover no more than what his profits would have been under that contract. The appellee filed no brief then, nor has he filed any on this appeal.

Appellant complains, in effect, of the court's failure to submit to the jury its defense relating to the alleged blockade of freights on the International & Great Northern Railway, the connecting carrier to which it must have delivered the corn at Taylor, Texas, as appellant's road did not extend to Laredo. The complete answer to this assignment is that such a charge was not asked by appellant; and we seriously doubt whether this defense, under the circumstances, can be maintained by a railway company in this State. We are inclined to the opinion that an initial carrier can not absolve itself from the discharge of its legal duty to receive, transport, and tender freight to its connecting carrier, on account of a blockade existing on the line of the latter; but in view of the serious nature of this question, and the difficulties we have had in finding any authorities directly on it, unless our statutes settle it, we do not now undertake to decide it, but suggest that on the next trial the question of whether there was such a blockade in fact be specially submitted to the jury, so that, if found to exist, the question of law may be settled.

It is therefore ordered that the judgment herein be reversed and the cause remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*